# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>ARICK WHITSON and GEORGIA CHAMPIONSHIP BARBEQUE COMPANY, INC. a/k/a GEORGIA CHAMPIONSHIP BARBECUE COMPANY,<br><br>      Defendants. | Civil Action File No.: _____ |

## CIVIL COMPLAINT

COMES NOW Plaintiff, Atlantic Specialty Insurance Company ("ASIC"), by and through the undersigned counsel, and brings this Complaint for claims arising out of Defendants' improper retention of an accidental double-payment of a $1,000,000 settlement, stating as follows:

## PARTIES AND RELATIONSHIPS

1. Plaintiff ASIC is a corporation organized and existing under the laws of New York, with its principal place of business in Plymouth, Minnesota.

2. Defendant Arick Whitson ("Whitson") is an individual residing in Stockbridge, Georgia, and can be served at 200 Plantation Boulevard, Stockbridge, Georgia 30281.

3. Defendant Georgia Championship Barbeque Company, Inc. a/k/a Georgia Championship Barbecue Company ("GCBC") is a Georgia corporation, with its principal place

of business at 72 HWY 138 West, Stockbridge, Georgia 30281. GCBC can be served with process by serving its registered agent, Whitson, at the aforementioned address.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the plaintiffs and defendants are completely diverse in citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants are residents of Stockbridge, Georgia.

## FACTS

6. On or about March 10, 2021, Whitson and GCBC executed a Release and Settlement Agreement (the "Agreement") in favor of the City of Stockbridge, Georgia and Elton Alexander (collectively, the "Released Parties"), and ASIC, as liability carrier for the City of Stockbridge. The Agreement resolved the action captioned *Arick Whitson and Georgia Championship Barbeque Co., Inc. d/b/a BBQ Masters v. City of Stockbridge, Ga. and Elton Alexander*, CAFN 1:17-cv-01985-JPB, filed in this Court. A true and correct copy of the Agreement is attached as Exhibit 1.

7. Pursuant to the Agreement, ASIC, on behalf of the Released Parties, agreed to pay the total settlement amount of $1,725,000.00 to Whitson, GCBC, and their counsel, Hecht Walker, P.C., via three separate wire transfers as follows: (1) $1,000,000 to Whitson and GCBC; (2) $191,193 to Whitson and GCBC; and (3) $533,807 to Hecht Walker, P.C., Defendants' counsel in the underlying action.

8. On or about April 6, 2021, pursuant to the Release and Settlement Agreement, ASIC initiated a transfer of $1,000,000 to Whitson's bank account via Automated Clearing House or "ACH" (the "Settlement Payment").

9. Later that day, after ASIC initiated the ACH transfer of the Settlement Payment, Defendants' counsel informed ASIC that the Settlement Payment should have been made by wire transfer, not ACH.

10. ASIC immediately took steps to stop the ACH transfer to Defendants from processing, and believed that the Settlement Payment had not been paid to Defendants.

11. Based on its belief that it had, in fact, stopped the ACH transfer of the Settlement Payment to Defendants, ASIC wired a second $1,000,000 payment to Whitson's bank account on or about April 8, 2021 (the "Duplicate Payment").

12. On or about April 8, 2021, ASIC also wired $191,193 to Defendants.

13. On or about April 7, 2021, ASIC wired $533,807 to Hecht Walker, P.C., as the Agreement required.

14. On or about April 15, 2021, ASIC learned that the ACH transfer of the Settlement Payment had not been stopped, and that the money had been transferred to Whitson's account.

15. Therefore, ASIC inadvertently paid to Whitson and GCBC both the Settlement Payment and the Duplicate Payment, for a total of $2,000,000, in addition to the other $191,193 payment to Defendants and the $533,807 payment to Hecht Walker, P.C.

16. ASIC promptly realized its mistake and sought to recover the $1,000,000 overpayment.

17. On or about April 16, 2021, France St. Louis, a Chief Claims Officer with ASIC, wrote to Defendants' counsel, Greg K. Hecht ("Hecht"), explaining the mistake and requesting assistance to recoup the overpayment. A true and correct copy of the April 16, 2021 letter is attached as Exhibit 2.

18. ASIC confirmed that any form 1099s issued to Defendants would not reflect the duplicate payment and that it would reimburse Defendants for any additional "wiring of ACH fees" that they may incur as a result of ASIC recovering the Duplicate Payment.

19. Also on April 16, 2021, Hecht stated in a phone call to ASIC's counsel, and in a follow-up e-mail to ASIC, that his firm had spoken with Whitson, and "to the extent there were any excess funds in [Whitson's] account he was going to send them back to the carrier but was in need of checking with a tax attorney to ensure that the carrier had not created an inadvertent tax liability and to ensure the correct way to do this." A true and correct copy of Hecht's April 16, 2021 e-mail is attached as Exhibit 3.

20. On or about April 19, 2021, Hecht further responded to ASIC in a letter, a true and correct copy of which is attached hereto as Exhibit 4.

21. Hecht stated that he had forwarded to Whitson a copy of ASIC's April 16, 2021 letter. Hecht stated that he would return the overpayment if he had control and possession of the money, but that the money was sent directly to Whitson. Hecht further stated that he no longer represented Whitson and GCBC.

22. Defendants did not respond to ASIC's April 16 letter.

23. On or about April 19, 2021 a Claims Consultant working on ASIC's behalf emailed Whitson directly to again try to recover the $1,000,000 overpayment. A true and correct copy of the April 19, 2021 email is attached as Exhibit 5.

24. Defendants did not respond to ASIC's April 19 e-mail.

25. On April 26, 2021, ASIC again attempted to contact Defendants by three different methods: ASIC, through counsel, e-mailed Whitson a letter, sent a copy of the same letter via Federal Express, and called Whitson at a phone number provided by counsel. A true and correct copy of ASIC's April 26, 2021 letter is attached as Exhibit 6.

26. Defendants have neither responded to any of ASIC's attempts to reach them, nor returned any portion of the $1,000,000 overpayment.

27. The Duplicate Payment was mistakenly made.

28. Defendants have received all of the settlement funds to which they are entitled under the Agreement, including both the $1,000,000 Settlement Payment and the second $191,193 payment.

29. Defendants will not be prejudiced by the return of the overpaid funds.

30. ASIC informed Defendants of the mistake less than two weeks after the Duplicate Payment was made, and ASIC has agreed to reimburse Defendants for any fees incurred in connection with repaying the funds to ASIC. ASIC has also confirmed to Defendants that form 1099s issued to Defendants will not reflect the Duplicate Payment.

31. Defendants are not entitled to retain both the Settlement Payment and the Duplicate Payment, and equity demands that they return $1,000,000 to ASIC.

## COUNTS

### COUNT I: MONEY HAD AND RECEIVED

32. The preceding paragraphs are incorporated as if set forth fully herein.

33. Whitson and GCBC received money belonging to ASIC when ASIC mistakenly sent the Duplicate Payment to Whitson's bank account.

34. ASIC promptly sought the return of the $1,000,000 overpayment, demanding that Whitson and/or GCBC return it on at least three occasions: April 16, April 19, and April 26. (*See* Exhibits 2, 4, 5).

35. Neither Whitson nor GCBC is entitled in equity and good conscience to retain the $1,000,000 overpayment because Whitson, GCBC and ASIC, among the other parties to the Agreement, all understood that Whitson and GCBC were to be paid $1,191,193 in settlement of their claims, not $2,191,193.

36. The extra $1,000,000 was sent to Whitson and GCBC only because ASIC mistakenly believed it had stopped the ACH transfer of the initial Settlement Payment to Whitson's account.

37. Thus, Whitson and GCBC are liable to ASIC for Money Had and Received.

### COUNT II: UNJUST ENRICHMENT

38. The preceding paragraphs are incorporated as if set forth fully herein.

39. ASIC conferred a benefit on Whitson and GCBC when it sent the Duplicate Payment to Whitson's bank account.

40. Whitson and GCBC knew about this benefit because it was sent to Whitson's bank account, ASIC directly informed Defendants on numerous occasions of the errant transfer, and Defendants' former counsel at Hecht Walker informed him of the same.

41. Whitson and GCBC have retained the $1,000,000 Duplicate Payment by refusing to cooperate in returning those funds or even engaging in any correspondence or communication with ASIC.

42. Allowing Whitson and GCBC to retain $1,000,000 of ASIC's money to which they are not entitled, and to which ASIC mistakenly sent to Whitson's account in good faith and in the interest of promptly carrying out the Agreement to resolve a matter before this Court, is inequitable.

43. Accordingly, Defendants are obligated to return the $1,000,000 overpayment that they received based on unjust enrichment.

## COUNT III: CONVERSION

44. The preceding paragraphs are incorporated as if set forth fully herein.

45. ASIC has title to and the right of possession of the $1,000,000 in overpaid funds sent to Whitson and GCBC.

46. Upon information and belief, Whitson and GCBC have actual possession of the $1,000,000 in overpaid funds.

47. ASIC has demanded that Whitson and GCBC return the $1,000,000 on at least three occasions: on April 16, April 19, and April 26. (*See* Exhibits 2, 4, 5).

48. Whitson and GCBC have refused to return the $1,000,000 in overpaid funds that belong to ASIC.

49. Thus, Whitson and GCBC are liable to ASIC for conversion.

### COUNT IV: BREACH OF CONTRACT

50. The preceding paragraphs are incorporated as if set forth fully herein.

51. Whitson, GCBC, and ASIC entered into a contract when they executed the Agreement.

52. Whitson and GCBC agreed to accept $1,191,193 in full satisfaction of their claims.

53. Whitson and GCBC breached their agreement to accept $1,191,193 in full satisfaction of their claims by retaining $2,191,193 (in addition to $533,807 paid to their counsel) in monies paid by ASIC.

54. Whitson and GCBC have further breached the Agreement by refusing to correspond or work with ASIC to secure the return of the $1,000,000 overpayment.

55. For all of these reasons, Whitson and GCBC are liable for breach of contract.

### COUNT V: EXPENSES OF LITIGATION PURSUANT TO O.C.G.A § 13-6-11

56. The preceding paragraphs are incorporated as if set forth fully herein.

57. Whitson and GCBC have acted in bad faith and caused ASIC unnecessary trouble and expense in recovering its overpayment.

58. ASIC is thus entitled to recover its expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

### PRAYER FOR RELIEF

WHEREFORE, ASIC prays for the following relief:

a. That judgment be entered against Whitson and GCBC and in favor of ASIC;

b. That ASIC recover damages against Whitson and GCBC for:

   i. the $1,000,000 overpayment,

   ii. pre- and post-judgment interest on the same, and

   iii. ASIC's reasonable attorneys' fees in bringing this action.

c. That ASIC be afforded such other and further relief as this Court deems just and proper.

Respectfully submitted, this 28th day of April, 2021.

DENTONS US LLP

*/s/Nathan L. Garroway*
Nathan L. Garroway
Georgia Bar No. 142194
Sarah Hannah Phillips
Georgia Bar No. 302869
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
(404) 527-4000 (tel.)
(404) 527-4198 (fax)
Nathan.garroway@dentons.com

Justin Kattan
New York Bar No. 3983905
(PHV application forthcoming)
1221 Avenue of the Americas
New York, NY 10020
212-768-6923
Justin.kattan@dentons.com

*Counsel for Plaintiff*

## CERTIFICATE OF TYPE AND COMPLIANCE

I hereby certify that this pleading has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman, size 14 font.

*/s/ Nathan L. Garroway*
Nathan L. Garroway
Georgia Bar No. 142194